IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM J. COOK,**

        **Plaintiff,**

v.                                                 Civil Action No. 2:10cv48
                                                         (Judge Maxwell)

**WARDEN CROSS, CAPT. OADIL,
LT. MCCALLEY, C/O MALLOON,
P/A WHITNER AND DAVID BOLDEN,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On April 12, 2010, the *pro se* plaintiff filed a civil rights action against the above-named defendants in their individual capacities. The plaintiff was granted permission to proceed as a pauper on April 29, 2010, and paid his initial partial filing fee on May 17, 2010. This case is before the Court for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. The Complaint

In the complaint, the plaintiff asserts that he was placed in the special housing unit while incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia (USP-Hazelton). Complaint at 4. At approximately 9:00 p.m. on January 13, 2009, defendant C/O Malloon ("Malloon") came to the plaintiff's cell to retrieve his cell mate. *Id.* at 5. Before extracting the plaintiff's cell mate from the cell, both the plaintiff and his cell mate were handcuffed. *Id.* The plaintiff's cell mate was then escorted from the cell. *Id.*

At approximately 10:45 p.m. that same evening, Malloon again opened the plaintiff's slot and had him handcuffed with his hands behind his back. *Id.* A few minutes later, Malloon and defendant David Bolden ("Bolden"), another inmate, came into the plaintiff's cell and physically and sexually assaulted him. *Id.* The plaintiff asserts that Malloon and Bolden left him wounded, bruise and handcuffed until 5:00 a.m. the next morning. *Id.* At that time, Malloon returned to the plaintiff's cell and uncuffed him. *Id.*

---

[1] *Id.* at 327.

**A.   Ground One - Cruel and Unusual Punishment in Violation of the Eighth Amendment**

In ground one, the plaintiff asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  Complaint at 6.  In support of this claim, the plaintiff asserts that Malloon and Bolden beat and kicked him in the neck, ribs and legs.  *Id.* at 7.  As a result, the plaintiff allegedly sustained a broken vertebra in the neck, three broken ribs and numerous bruises up and down his body, including his legs.  *Id.*  After being beaten, the plaintiff asserts that both Malloon and Bolden took turns sexually assaulting him by placing their penises in his rectum until each had ejaculated.  *Id.*  After being uncuffed the next morning, the plaintiff was discovered in his cell by Physician's Assistant ("PA") Whitner.  *Id.*  The plaintiff asserts that he was obviously bruised and terrified, but admits that he did not speak of the assault to PA Whitner because he was afraid for his life.  *Id.* at 7-8.  Nevertheless, despite the plaintiff's obvious injury and distress, PA Whitner prescribed him only Tylenol and muscle rub.  *Id.* at 8.  The plaintiff asserts that, given the circumstances, PA Whitner failed to do a proper examination or provide the proper treatment.  *Id.*

Later that day, Captain Oadil ("Oadil") came to see the plaintiff.  *Id.*  The plaintiff asked to be seen in the psych department and for a transfer to another institution for his safety.  *Id.*  Oadil allowed the plaintiff to go to the psych department, but refused his immediate transfer because the plaintiff would not tell him what had occurred.  *Id.*  Oadil did, however, request a SIS investigation.  *Id.*

The SIS investigation was conducted by Lieutenant McCalley ("McCalley").  *Id.*  Nonetheless, the plaintiff refused to provide McCalley with any information about the incident.  *Id.*  Instead, the plaintiff again requested an immediate transfer.  *Id.*  That request was denied.  *Id.*

On January 25, 2009, Malloon again came to the plaintiff's cell and handcuffed him. *Id.* at 9. Malloon then proceeded to beat and kick the plaintiff. *Id.* During this beating, Malloon told the plaintiff to "keep his mouth shut." *Id.* Malloon then uncuffed the plaintiff and left him in his cell. *Id.* Malloon came to the plaintiff's cell a few days later and threatened his life. *Id.* In addition, Malloon told the plaintiff that even if he were transferred, he would be watched and killed if he ever spoke of the assaults. *Id.*

On February 13, 2009, the plaintiff and Bolden were transferred. *Id.* After arriving at FCI-Cumberland, the plaintiff was x-rayed and his broken bones were discovered. *Id.*

**B.   Ground Two - Tort Action for Sexual Harassment/Sexual Assault**

In ground two, the plaintiff asserts that on January 13, 2009, Malloon and Bolden took unwanted sexual liberties with him. Complaint at 10. In support of this claim, the plaintiff asserts that Malloon and Bolden physically assaulted him to weaken his resistance so that they could then assault him purely for sexual gratification. *Id.* The plaintiff later learned, at FCI-Cumberland, that he suffered rectal tearing and bleeding due to the sexual assault. *Id.* In addition, he was tested for sexually transmitted diseases, but his results were negative at that time. *Id.*

**C.   Wanton Pain and Suffering**

In ground three, the plaintiff asserts that Malloon and Bolden deliberately and maliciously inflicted pain and suffering upon him when they physically and sexually assaulted him on January 13, 2009. Complaint at 11. The plaintiff further asserts that defendants Oadil and McCalley caused further pain when they intentionally and maliciously refused the plaintiff's requests for immediate transfer. *Id.*

In addition, the plaintiff asserts that PA Whitner intentionally and maliciously inflicted pain

4

and undue suffering upon him when the PA prescribed only Tylenol and muscle rub for broken bones without conducting a proper examination. *Id.* He also asserts that Malloon deliberately and maliciously inflicted further pain and undue suffering on him when Malloon came to his cell on January 25, 2009 and again beat and threatened him. *Id.* at 12.

**D.  Ground Four - Mental Anguish**

In ground four, the plaintiff asserts that as a result of the assaults, he had to seek treatment from mental health professionals. Complaint at 12. Those treatments include various psychotropic medications. *Id.* The plaintiff still fears for his life. *Id.*

**E.  Ground Five - Deliberate Indifference**

In ground five, the plaintiff asserts that Malloon and Bolden acted with deliberate indifference when they intentionally ignored institutional policy and state and federal law. Complaint at 13. He further asserts that PA Whitner was deliberately indifferent to his serious medical needs when after seeing the plaintiff's obvious pain and bruising, PA Whitner failed to perform any tests or allow him to see a physician. *Id.* Moreover, the plaintiff asserts that PA Whitner was deliberately indifferent to his serious medical needs when PA Whitner prescribed only Tylenol and muscle rub for the plaintiff's obviously severe injuries. *Id.*

**IV.  Analysis**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the

pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Moreover, liability in a Bivens[2] case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability under Bivens, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

1. Warden Cross

In the complaint, the plaintiff fails to allege that Warden Cross was involved in any violation of his constitutional rights. Nor does the plaintiff assert that Warden Cross has any supervisory liability.[3] Accordingly, the plaintiff has failed to state a claim of any type against Warden Cross and

---

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities).

[3] in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations

he should be dismissed as a defendant in this action.

   2. Defendants Oadil and McCalley

In the complaint, the plaintiff's claims against Oadil and McCalley appear to center around their investigation into the incident and refusal to immediately transfer the plaintiff to another institution for his own safety. In addition, the plaintiff asserts that the actions of Oadil and McCalley were intentional, deliberate and malicious. Nonetheless, the plaintiff concedes that he refused to tell either Oadil or McCalley what had happened to him. From the facts stated in the complaint, both Oadil and McCalley recognized that something had happened to the plaintiff. When they attempted to investigate, the plaintiff refused to cooperate. Moreover, although the plaintiff requested an immediate transfer, he did not tell either Oadil or McCalley the reasons for his requests. Thus, there was nothing intentional, deliberate or malicious about Oadil or McCalley's actions. Both defendants attempted to help the plaintiff but were stonewalled by the plaintiff's own actions. Accordingly, the plaintiff has failed to state a claim against defendants Oadil or McCalley and those defendants should be dismissed from this action.

   3. Defendant Bolden

Bivens authorizes suits against federal officials acting in their individual capacities under color of federal law. Bivens, 403 U.S. 388. The Federal Tort Claim Act ("FTCA"), waives the federal government's traditional immunity from suit for claims based on the negligence of its

---

inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, the plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. Id. Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id.

employees. 28 U.S.C. § 1346(b)(1). Here, Bolden is a federal inmate, not a federal official or employee of the United States. Thus, the plaintiff can maintain neither a <u>Bivens</u> cause of action nor a federal tort action against Bolden, and he should be dismissed as a defendant in this case.

    4. <u>Defendants Malloon and Whitner</u>

It is not clear from the body of the complaint whether the plaintiff can establish that defendants Malloon and Whitner violated his constitutional rights. Moreover, it appears that the plaintiff's claims against those defendants are not frivolous or malicious. Therefore, it appears that the plaintiff has stated sufficient facts to survive preliminary review. Accordingly, the undersigned recommends that defendants Malloon and Whitner be served a copy of the complaint, and that those defendants be directed to file an answer.

## V. <u>Recommendation</u>

For the reasons stated, the undersigned makes the following recommendations:

(1) defendant Cross be dismissed from this action without prejudice;

(2) defendants Oadil and McCalley be dismissed from this action with prejudice;

(3) defendant Bolden be dismissed from this action with prejudice; and

(4) defendants Malloon and Whitner be served a copy of the complaint and a **sixty (60) day** summons by the United States Marshal Service, and that defendants Malloon and Whitner be directed to file an answer the complaint.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States

District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 1, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE