**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

WILLIAM J. COOK,

        **Plaintiff,**

v.                             **Civil Action No.  2:10cv48**
                                   **(Judge Bailey)**

C/O MALLOON, AND P/A WHITNER

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

## I.  Procedural History

The *pro se* plaintiff initiated this Bivens[1] action on April 12, 2010. [Dckt. 1].   The undersigned granted plaintiff permission to proceed as a pauper on April 29, 2010. [Dckt 10]. Plaintiff paid his initial partial filing fee on May 17, 2010. [Dckt 12].   After completing a preliminary review, on June 1, 2010,  the undersigned issued a Report and Recommendation ("R&R") which recommends dismissing three of the original five defendants and several of the plaintiff's claims.  [Dckt 15].  Over the plaintiff's objections, the district judge adopted the R&R in its entirety on October 19, 2010. [Dckt. 24].

On February 4, 2011, the remaining defendants, Malloon and Whitner, filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  [Dckt. 41].  Because the plaintiff is proceeding without counsel, on February 10, 2011, the Court issued a Roseboro Notice advising the plaintiff of his right to file a response to the defendants' motion. [Dckt. 45].  The plaintiff filed his response on June 23, 2011.  [Dckt.58].

---

[1]Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities).

## II.  Contentions of the Parties

### A.  The Complaint

In the complaint, the plaintiff alleges that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. [Dckt 1].  In support of this claim, the plaintiff asserts that defendant Malloon and another inmate beat and kicked him in the neck, ribs and legs. *Id.* at 7. As a result, the plaintiff allegedly sustained a broken vertebra in the neck, three broken ribs and numerous bruises up and down his body, including his legs. *Id.* After being beaten, the plaintiff asserts that both Malloon and the other inmate took turns sexually assaulting him.  *Id.*  Plaintiff further alleges that defendant Physician's Assistant (PA) Whitner discovered plaintiff and failed to provide proper treatment for his injuries.

In addition to plaintiff's Eighth Amendment claim, he also seeks a remedy for three additional claims pertaining to the same facts: 1) tort action for sexual harassment/sexual assault; 2) wanton pain and suffering; 3) mental anguish, and 4) deliberate indifference. Plaintiff seeks approximately $50,000,000, and release from his current imprisonment as relief.

### B.  The Defendants' Motion

In their memorandum in support of their motion, the defendants assert the following:

(1) the plaintiff failed to exhaust administrative remedies;

(2) the plaintiff failed to establish causes of action against defendants in their individual capacities for constitutional violations;

(3) the plaintiff failed to state a claim for which relief may be granted because plaintiff's claims are unsupported, conclusory allegations;

(4) the defendants are entitled to qualified immunity; and

(5) any Bivens claim against the defendants in their official capacities is barred by sovereign immunity.

## C.    The Plaintiff's Response

In his response, the plaintiff asserts that there are exceptions to the exhaustion rule. [Dckt. 58 at 2]  He further contends that the defendants either lied in their affidavits or twisted the truth. *Id.* at 2-4.  Finally, the plaintiff asserts that he should be entitled to certain discovery. *Id.* at 5-6.  For these and other reasons, the plaintiff petitions the Court for permission to conduct discovery, for an evidentiary hearing, and to deny the defendants summary judgment motion.  *Id.* at 6.

## III.    Standards of Review

### A.    Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint

need not assert "detailed factual allegations," but must "contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Conley</u>, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I.DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir.2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir.2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

## B.   <u>Motion for Summary Judgment</u>

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of

whether genuine issues of triable fact exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.  Celotex at 323.  Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party must present specific facts showing the existence of a genuine issue for trial.  Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson at  256.  The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment.  Id. at 248.  Summary judgment is proper only "[w]here  the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  Matsushita, at 587 (citation omitted).

## IV.  Analysis

### A.  Exhaustion of Administrative Remedies

A Bivens action like an action under 42 U.S.C. §1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act (PLRA).  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies.  42 U.S.C. §1997e.  Exhaustion as provided in §1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).  While the phrase "with respect to prison conditions" is not defined in 42 U.S.C.

§1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. at 516.[2] Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth, 532 U.S. at 741.

The actions of the defendants regarding all of petitioner's claims are actions "with respect to prison conditions" within the meaning of the PLRA and the requirement of exhaustion of administrative remedies applies to those actions and the alleged effects of those actions.

The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), followed by an appeal to the regional director of the Federal Bureau of Prisons (BP-10). Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel (BP-11). 28 C.F.R. § 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

The Fourth Circuit has determined that the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). The Fourth Circuit further found that exhaustion is an affirmative defense, but that a district court may dismiss the complaint where the failure to exhaust is apparent from the face of the complaint or that the court may inquire "on its own motion into whether the inmate exhausted all administrative remedies." *Id.* at 683.

---

[2]In Porter, an inmate sued the correctional officers who had severely beaten him. The inmate alleged that the correctional officers "placed him against a wall and struck him with their hands, kneed him in the back, [and] pulled his hair." Porter, 534 U.S. at 520.

After a review of the records submitted by the defendants, it is clear plaintiff requested only one administrative remedy [#542345-R1] pertaining to the allegations at issue in his complaint. [Dckt 42-4 Ex.1 at Attach. E]. Plaintiff's Remedy #542345-R1 regarding rape allegations was rejected for a number of reasons including submitting his request to the inappropriate office or level. [*Id.*]. Plaintiff did not take the request further by resubmitting in the proper office or level. [*Id.*]. As a result, plaintiff's allegations against the defendants have not been properly exhausted through the available administrative remedies and should be dismissed.[3]

## V.   Recommendation

For the reasons stated, the undersigned recommends that the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [dckt. 41] be **GRANTED**, the plaintiff's Motion for Discovery and for Evidentiary Hearing [Dckt. 58] be **DENIED**, and the plaintiff's complaint [dckt. 1] be **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

---

[3]Although the plaintiff is correct that exhaustion may be excused in some circumstances, the plaintiff has not alleged that any of those circumstances exist in this case. Moreover, the discovery the plaintiff seeks is related to his substantive claims. Without the exhaustion of administrative remedies, this Court is without the authority to reach the merits of the plaintiff's claims. Thus, discovery is inappropriate.

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 28, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE