# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**WILLIAM J. COOK,**

    Plaintiff,

v.

                                      **CIVIL ACTION NO. 2:10-CV-48**
                                      **(BAILEY)**

**C/O MALLOON, and P/A WHITNER,**

    Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

I.    <u>Introduction</u>

On this day, the above-styled matter came before this Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 59]. By Local Rule, this action was referred to Magistrate Judge Kaull for submission of a report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on June 28, 2011 [Doc. 59]. In that filing, the magistrate judge recommends that this Court grant the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 41], deny the plaintiff's Motion for Discovery and for Evidentiary Hearing [Doc. 58], and dismiss the plaintiff's ***Bivens*** action with prejudice.

II.    <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. At the plaintiff's request, this Court granted the plaintiff an extension to file his objections until August 8, 2011 [Doc. 62]. On August 11, 2011, the plaintiff filed his Objections [Doc. 64], which were postmarked on August 9, 2011 [Doc. 64-1]. Nevertheless, this Court will conduct a *de novo* review of the magistrate judge's R&R.

### III. Factual and Procedural History

On April 12, 2010, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971) [Doc. 1]. After completing a preliminary review, on June 1, 2010, Magistrate Judge Kaull recommended dismissing three of the original five defendants and several of the plaintiff's claims [Doc. 15]. This Court adopted the magistrate judge's recommendation on October 19, 2010 [Doc. 24]. On February 4, 2011, the remaining defendants, C/O Malloon and P/A Whitner, filed the instant Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 41]. The plaintiff responded with a Motion for Discovery and for Evidentiary Hearing

[Doc. 58].

In his Complaint, the plaintiff alleges that Defendant Malloon sexually assaulted him on January 13, 2009, while in the Special Housing Unit ("SHU") at USP-Hazelton. ([Doc. 1] at ¶ 12). The plaintiff claims that as a result of this alleged assault, he suffered three broken ribs, broken vertebrae in his neck, and "needless bruising throughout his body." (Id. at ¶ 33). Next, the plaintiff asserts that after his injuries, he did not receive proper medical attention. (Id. at ¶ 24). Specifically, the plaintiff alleges that Defendant Whitener "intentionally, deliberately, and maliciously failed to provide a more thorough investigation into the bruising" and "would only prescribe the plaintiff some Tylenol and muscle rub . . .." (Id.).

In his R&R, the magistrate judge recommends dismissal of the plaintiff's Complaint with prejudice [Doc. 59]. In so recommending, the magistrate judge found that the plaintiff has failed to exhaust his administrative remedies. (Id. at 7). In addition, the magistrate judge recommends denial of the plaintiff's request for discovery because the plaintiff seeks to recover information concerning only the substance of his barred claims. (Id. at n. 3).

IV.     Analysis

In his Objections [Doc. 64], the plaintiff does not dispute that he has failed to exhaust his administrative remedies. Instead, the plaintiff argues that he was prevented from complying with the exhaustion requirement. This Court is unpersuaded.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). A ***Bivens***

3

action is included in such, and is thus subject to the same requirements.  See **Porter v. Nussle**, 534 U.S. 516, 524 (2002).

The three-level administrative remedy process for informal resolution procedures which fail to achieve sufficient results through informal avenues is set forth in 28 C.F.R. § 542.10, *et seq*.  This process begins with a Request for Administrative Remedy at the institution in which the inmate is incarcerated.  Second, if the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located.  Finally, if the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal.  An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.  See **Woodford v. Ngo**, 548 U.S. 81, 93-94 (2006) (the PLRA requires full and proper exhaustion).

Here, the record shows that the plaintiff filed a request for administrative remedy with regard to the alleged sexual assault.  (See [Doc. 42-4] at 7).  That request was rejected for a number of reasons including that it was submitted to the inappropriate office or level. (Id.).  The plaintiff failed to resubmit his administrative request.  (Id.).  Therefore, the plaintiff has failed to exhaust even the first step of the administrative process with regard to either his allegations of sexual assault or his claim of inadequate medical treatment.  As such, there can be no question that the plaintiff has failed to properly exhaust his **Bivens** claims, nor can he now do so.  See 28 C.F.R. § 542.10, *et seq*.

Despite this clear failure to comply with the PLRA's exhaustion requirement, the plaintiff argues that "[prison] staff, in general, take to interrupt an inmate from filing

4

administrative remedies." ([Doc. 64] at 3). In support of his argument, the plaintiff attaches an "unsworn" affidavit of a fellow inmate who describes his own experiences with staff attempting to prevent his filing of requests for administrative remedies. (Id. at 9-11).

For at least three reasons, however, this Court is unpersuaded. First, the plaintiff completely fails to describe any specific instances of staff interference that he personally experienced with regard to the instant claims. Second, the record clearly reflects that the plaintiff successfully filed three subsequent, unrelated requests for administrative remedies. ([Doc. 64] at 14-15). Third, the "unsworn" affidavit provides no specific support for any staff interference with the plaintiff's administrative remedies. Instead, the affidavit only relates the alleged interference experienced by another inmate. Accordingly, because the plaintiff did not fully comply with the PLRA's exhaustion requirements, his **Bivens** claims must be dismissed with prejudice. See **Woodford**, 548 U.S. at 93-94. Moreover, because the plaintiff's request for discovery relates only to the substance of his **Bivens** claims as opposed to his claim of staff interference, that request should also be denied.

V.    Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Opinion/Report and Recommendation **[Doc. 59]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **GRANTS** the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 41]** and **DENIES** the plaintiff's Motion for Discovery and for Evidentiary Hearing **[Doc. 58]**. Additionally, the plaintiff's Objections to the magistrate judge's R&R **[Doc. 64]** are **OVERRULED**. Accordingly, the plaintiff's

Complaint **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk of Court is **DIRECTED** to enter a separate judgment order for the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** August 18, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE